United States District Court
For the Northern District of California

1

2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

JONATHAN JACKSON,                    No. C 09-1785 CW (PR)

        Plaintiff,                   ORDER OF SERVICE

5

    v.

6

B. SULLIVAN, et al.,

7

        Defendants.
_____/

8

9

10

11

12

13

14

    Plaintiff, a death row prisoner incarcerated at San Quentin
State Prison (SQSP), filed this complaint as a civil action in the
Monterey County Superior Court, Jackson v. Sullivan, et al.,
CIV090710, seeking injunctive relief and damages.  In his
complaint, Plaintiff named the following Defendants: SQSP Warden
Robert L. Ayers, Appeals Examiner B. Sullivan, and SQSP Appeals
Coordinator V. Kelly.

15

16

17

18

19

20

21

22

23

24

25

26

27

    Thereafter, Defendant Ayers removed the action to this Court
pursuant to 28 U.S.C. § 1441(b).[1]  The Court conducted a
preliminary screening of the complaint pursuant to 28 U.S.C.
§ 1915A(a) and determined that Plaintiff was attempting to state
three claims for relief, all pertaining to his designation as an
inmate on restrictive Grade B/Privilege Group D status.
Specifically, Plaintiff claimed that (1) the Grade B/Privilege
Group D designation violated due process because Plaintiff was not
afforded the procedural protections regularly provided to prisoners
who are reclassified to more restrictive conditions of confinement,
(2) the designation violated his right to equal protection, and
(3) the designation violated his rights under the Eighth Amendment.

28

_____

    [1]  Deputy Attorney General Emily Brinkman represents and has
acknowledged service on behalf of Defendant Ayers.  Defendants
Sullivan and Kelly have not been served and counsel does not appear
on their behalf.

**United States District Court**
For the Northern District of California

1
2
3
4
5

    The Court dismissed the complaint with leave to amend, finding
that Plaintiff had failed to allege sufficient facts to state a
claim for relief under any of the above three theories and that he
had failed to link Defendants Sullivan and Kelly to his
allegations.

6
7
8
9
10
11
12
13
14
15

    Now pending before the Court is Plaintiff's amended complaint.
The Court finds Plaintiff has cured the noted pleading deficiencies
with respect to his due process claim by explaining the particular
terms of the regulation under which he was placed on Grade
B/Privilege Group D status, alleging how such terms violate his
right to due process, linking Defendants Sullivan and Kelly to his
allegations, and alleging facts which, when liberally construed,
show that conditions of confinement for prisoners on Grade
B/Privilege Group D status constitute an atypical and substantial
hardship.

16
17
18
19
20
21
22
23
24
25

    With respect to his equal protection claim, Plaintiff alleges
that the procedures used to place death row prisoners on Grade
B/Privilege Group D status differ from those used to place non-
death row prisoners on restrictive status in administrative
segregation and the secured housing unit.  Although it is not
readily apparent whether death row and non-death row inmates are
similarly situated under such circumstances, the Court finds that
at this early stage of the proceedings Plaintiff's allegations,
when liberally construed, state a non-frivolous equal protection
claim and may go forward.

26
27
28

    Plaintiff has not alleged facts in the amended complaint
pertaining to his Eighth Amendment claim.  Accordingly, this claim
is dismissed without prejudice.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     Plaintiff states cognizable due process and equal protection claims against Defendants Ayers, Sullivan and Kelly.

2.     Plaintiff's Eighth Amendment claim is DISMISSED without prejudice.

3.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (docket no. 10) and a copy of this Order to: (1) Inmate Appeals Coordinator V. Kelly at San Quentin State Prison, and (2) Appeals Manager B. Sullivan at the Inmate Appeals Branch of the California Department of Corrections and Rehabilitation in Sacramento.   The Clerk of the Court shall also mail a copy of the amended complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B),

3

1   Defendants will not be required to serve and file an answer before

2   sixty (60) days from the date on which the request for waiver was

3   sent.  (This allows a longer time to respond than would be required

4   if formal service of summons is necessary.)  Defendants are asked

5   to read the statement set forth at the foot of the waiver form that

6   more completely describes the duties of the parties with regard to

7   waiver of service of the summons.  If service is waived after the

8   date provided in the Notice but before Defendants have been

9   personally served, the Answer shall be due sixty (60) days from the

10  date on which the request for waiver was sent or twenty (20) days

11  from the date the waiver form is filed, whichever is later.

12      5.   Defendants shall answer the complaint in accordance with

13  the Federal Rules of Civil Procedure.  The following briefing

14  schedule shall govern dispositive motions in this action:

15          a.   No later than ninety (90) days from the date their

16  answer is due, Defendants shall file a motion for summary judgment

17  or other dispositive motion.  The motion shall be supported by

18  adequate factual documentation and shall conform in all respects to

19  Federal Rule of Civil Procedure 56.  If Defendants are of the

20  opinion that this case cannot be resolved by summary judgment, they

21  shall so inform the Court prior to the date the summary judgment

22  motion is due.  All papers filed with the Court shall be promptly

23  served on Plaintiff.

24          b.   Plaintiff's opposition to the dispositive motion

25  shall be filed with the Court and served on Defendants no later

26  than sixty (60) days after the date on which Defendants' motion is

27

28

4

filed.  The Ninth Circuit has held that the following notice should

be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary
> judgment by which they seek to have your case dismissed.
> A motion for summary judgment under Rule 56 of the
> Federal Rules of Civil Procedure will, if granted, end
> your case.

> Rule 56 tells you what you must do in order to
> oppose a motion for summary judgment.  Generally, summary
> judgment must be granted when there is no genuine issue
> of material fact -- that is, if there is no real dispute
> about any fact that would affect the result of your case,
> the party who asked for summary judgment is entitled to
> judgment as a matter of law, which will end your case.
> When a party you are suing makes a motion for summary
> judgment that is properly supported by declarations (or
> other sworn testimony), you cannot simply rely on what
> your complaint says.  Instead, you must set out specific
> facts in declarations, depositions, answers to
> interrogatories, or authenticated documents, as provided
> in Rule 56(e), that contradict the facts shown in the
> defendant's declarations and documents and show that
> there is a genuine issue of material fact for trial.  If
> you do not submit your own evidence in opposition,
> summary judgment, if appropriate, may be entered against
> you.  If summary judgment is granted [in favor of the
> defendants], your case will be dismissed and there will
> be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en

banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of

Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986)

(party opposing summary judgment must come forward with evidence

showing triable issues of material fact on every essential element

of his claim).  Plaintiff is cautioned that because he bears the

burden of proving his allegations in this case, he must be prepared

to produce <u>evidence</u> in support of those allegations when he files

his opposition to Defendants' dispositive motion.  Such evidence

may include sworn declarations from himself and other witnesses to

United States District Court
For the Northern District of California

the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c.    Defendants shall file a reply brief no later than thirty (30) days after the date Plaintiff's opposition is filed.

d.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7.    All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

9.    Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than fifteen (15) days prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 4/11/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California