IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JONATHAN JACKSON,

    Plaintiff,

 v.

B. SULLIVAN, et al.,

    Defendants.
_____/

No. C 09-1785 CW (PR)

ORDER OF SERVICE

    Plaintiff, a death row prisoner incarcerated at San Quentin State Prison (SQSP), filed this complaint as a civil action in the Monterey County Superior Court, <u>Jackson v. Sullivan, et al.</u>, CIV090710, seeking injunctive relief and damages.  In his complaint, Plaintiff named the following Defendants: SQSP Warden Robert L. Ayers, Appeals Examiner B. Sullivan, and SQSP Appeals Coordinator V. Kelly.

    Thereafter, Defendant Ayers removed the action to this Court pursuant to 28 U.S.C. § 1441(b).[1]  The Court conducted a preliminary screening of the complaint pursuant to 28 U.S.C. § 1915A(a) and determined that Plaintiff was attempting to state three claims for relief, all pertaining to his designation as an inmate on restrictive Grade B/Privilege Group D status.  Specifically, Plaintiff claimed that (1) the Grade B/Privilege Group D designation violated due process because Plaintiff was not afforded the procedural protections regularly provided to prisoners who are reclassified to more restrictive conditions of confinement, (2) the designation violated his right to equal protection, and (3) the designation violated his rights under the Eighth Amendment.

---

[1] Deputy Attorney General Emily Brinkman represents and has acknowledged service on behalf of Defendant Ayers.  Defendants Sullivan and Kelly have not been served and counsel does not appear on their behalf.

The Court dismissed the complaint with leave to amend, finding that Plaintiff had failed to allege sufficient facts to state a claim for relief under any of the above three theories and that he had failed to link Defendants Sullivan and Kelly to his allegations.

Now pending before the Court is Plaintiff's amended complaint. The Court finds Plaintiff has cured the noted pleading deficiencies with respect to his due process claim by explaining the particular terms of the regulation under which he was placed on Grade B/Privilege Group D status, alleging how such terms violate his right to due process, linking Defendants Sullivan and Kelly to his allegations, and alleging facts which, when liberally construed, show that conditions of confinement for prisoners on Grade B/Privilege Group D status constitute an atypical and substantial hardship.

With respect to his equal protection claim, Plaintiff alleges that the procedures used to place death row prisoners on Grade B/Privilege Group D status differ from those used to place non-death row prisoners on restrictive status in administrative segregation and the secured housing unit.  Although it is not readily apparent whether death row and non-death row inmates are similarly situated under such circumstances, the Court finds that at this early stage of the proceedings Plaintiff's allegations, when liberally construed, state a non-frivolous equal protection claim and may go forward.

Plaintiff has not alleged facts in the amended complaint pertaining to his Eighth Amendment claim.  Accordingly, this claim is dismissed without prejudice.

2

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff states cognizable due process and equal protection claims against Defendants Ayers, Sullivan and Kelly.

2.  Plaintiff's Eighth Amendment claim is DISMISSED without prejudice.

3.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (docket no. 10) and a copy of this Order to: (1) <u>Inmate Appeals Coordinator V. Kelly at San Quentin State Prison</u>, and (2) <u>Appeals Manager B. Sullivan at the Inmate Appeals Branch of the California Department of Corrections and Rehabilitation in Sacramento</u>.  The Clerk of the Court shall also mail a copy of the amended complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B),

Defendants will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

    5.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

        a.    No later than ninety (90) days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

        b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than sixty (60) days after the date on which Defendants' motion is

filed.  The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to

1  the incident, and copies of documents authenticated by sworn
2  declaration.  Plaintiff will not be able to avoid summary judgment
3  simply by repeating the allegations of his complaint.
4          c.   Defendants shall file a reply brief no later than
5  <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.
6          d.   The motion shall be deemed submitted as of the date
7  the reply brief is due.  No hearing will be held on the motion
8  unless the Court so orders at a later date.
9     6.   Discovery may be taken in this action in accordance with
10  the Federal Rules of Civil Procedure.  Leave of the Court pursuant
11  to Rule 30(a)(2) is hereby granted to Defendants to depose
12  Plaintiff and any other necessary witnesses confined in prison.
13     7.   All communications by Plaintiff with the Court must be
14  served on Defendants, or Defendants' counsel once counsel has been
15  designated, by mailing a true copy of the document to Defendants or
16  Defendants' counsel.
17     8.   It is Plaintiff's responsibility to prosecute this case.
18  Plaintiff must keep the Court informed of any change of address and
19  must comply with the Court's orders in a timely fashion.
20     9.   Extensions of time are not favored, though reasonable
21  extensions will be granted.  Any motion for an extension of time
22  must be filed no later than <u>fifteen (15) days</u> prior to the deadline
23  sought to be extended.
24     IT IS SO ORDERED.
25  DATED: 4/11/2012
                                    _____
26                                  CLAUDIA WILKEN
                                    UNITED STATES DISTRICT JUDGE